IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 AUG 26 AM 6:45
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| AUTOZONE TEXAS, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-2581 Ma/V |
| ) | |
| DANA CORPORATION, BRAKE PARTS, ) | |
| INC., d/b/a AIMCO PRODUCTS, ) | |
| INC., and KRIZMAN INTERNATIONAL,) | |
| INC. (formerly known as MCQUAY ) | |
| NORRIS, INC.), ) | |
| ) | |
| Defendants. ) | |

**ORDER 1) FINDING THAT PLAINTIFF HAS FAILED TO PLEAD FACTS SUPPORTING SUBJECT MATTER JURISDICTION, 2) DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT, AND 3) ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

This case arises from the alleged breach of an agreement to deliver automobile parts. Before the court is the motion to dismiss of Defendant Dana Corporation ("Dana"), filed October 7, 2004. Plaintiff AutoZone Texas, L.P. ("AutoZone") filed a response on November 22, 2004, to which Dana replied on December 6, 2004. For the following reasons, the motion is DENIED as moot, and Plaintiff is ORDERED to file an amended complaint.

I. Background

The complaint alleges the following facts. AutoZone is in the business of selling automobile parts, and Dana, along with various corporate subsidiaries, is in the business of manufacturing automobile parts. (Am. Compl. ¶¶ 6-7.) Dana's subsidiaries have

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-30-05

supplied automobile parts to AutoZone under various vendor agreements. AutoZone submitted purchase orders to Dana's subsidiaries Brake Parts, Inc., d/b/a Aimco Products, Inc. ("Aimco") and McQuay-Norris, Inc. (now "Krizman") for automobile parts worth approximately $3 million. When AutoZone contractors arrived at the respective distribution facilities of Aimco and Krizman to take delivery of the parts, Aimco and Krizman refused to release them, advising AutoZone that it must pay for the parts before they were delivered.[1] (Id. ¶ 8.)

AutoZone alleges that the actions of Aimco and Krizman violated the applicable vendor agreements, which provide for shipment of the goods "collect," with payment by Autozone within 120 days of shipment. (See Vendor Agreement at 3.)[2] The disputed agreements provide that "[a]cceptance of a purchase order may be made only by shipment of the goods in accordance with that order ..." (Id. at 7.) The Defendants contend that no binding contract had been formed as to the goods in question because those goods had not yet been shipped.

## II. Jurisdiction

AutoZone is a Delaware limited partnership with its principal place of business in Tennessee. None of the partners of AutoZone

---

[1] The complaint does not contain dates for the alleged conduct. The context of the allegations suggests that the conduct occurred shortly before the complaint was filed in July, 2004.

[2] Krizman and Aimco each had a separate vendor agreement with Autozone. Where the language of those agreements is substantially identical, the court will refer to one "Vendor Agreement."

2

is organized or incorporated in Ohio, Illinois, or Virginia, nor does any partner have its principal place of business in any of those states. Dana is a Virginia corporation with its principal place of business in the state of Ohio. Aimco is a Delaware corporation with its principal place of business in Illinois and is a wholly-owned subsidiary of Dana. Krizman is a Delaware corporation with its principal place of business in Illinois; Krizman is also a wholly-owned subsidiary of Dana.

A plaintiff seeking to bring a case in federal court has the burden of establishing diversity jurisdiction. Fed. R. Civ. P. 8(a); Certain Interested Underwriters at Lloyds, London, England v. Layne, 26 F.3d 39, 41 (6th Cir. 1994). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). Fed. R. Civ. P. 12(h)(3) provides that a court shall dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

"Complete diversity" between the parties is required for a district court to exercise jurisdiction over the subject matter of a dispute under 28 U.S.C. § 1332. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n.2 (1999). This requirement means that "diversity jurisdiction does not exist unless each defendant is a

3

citizen of a different State from each plaintiff." <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978). For purposes of diversity jurisdiction, corporations are deemed citizens of both their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1); <u>Safeco Ins. Co. of America v. City of White House, Tenn.</u>, 36 F.3d 540, 544 (6th Cir. 1994). For a limited partnership like AutoZone, however, "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members," whether they are general or limited partners. <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 195-96 (1990)(internal quotations omitted).

Thus, for the court to exercise diversity jurisdiction over this lawsuit, AutoZone must show that none of its partners is a citizen of Ohio, Illinois, Virginia, or Delaware. AutoZone has alleged, without challenge from the Defendants, that none of its partners is organized or has its principal place of business in Ohio, Illinois, or Virginia. It has not, however, made such a showing with respect to the state of Delaware. Without such a showing by AutoZone, the court does not have jurisdiction over the subject matter under 28 U.S.C. § 1332.

### III. Conclusion

For the foregoing reasons, AutoZone is ORDERED to file an amended complaint within eleven (11) days of the entry of this order alleging, if true, that none of its partners is a citizen of

4

Delaware. Because the facts stated in the first amended complaint do not show that the court has jurisdiction over the subject matter of this suit, failure to file a second amended complaint will result in dismissal. Because subject-matter jurisdiction has not been established, Defendants' motion to dismiss is DENIED as moot. When AutoZone has adequately pled that this court has jurisdiction under 28 U.S.C. § 1332, the Defendants may re-file their motion to dismiss.

So ORDERED this 25th day of August 2005

SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:04-CV-02581 was distributed by fax, mail, or direct printing on August 30, 2005 to the parties listed.

---

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

C. Barry Ward
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Lisa A. Krupicka
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT